UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
FEB 19 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                                INDICTMENT NO. 5:26CR15-GFVT-EBA

ASHLEY NICOLE LEAR

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all relevant times, **ASHLEY NICOLE LEAR** was employed as the Executive Director of the Stanford Housing Authority.

2. The Stanford Housing Authority was located in Lincoln County, in the Eastern District of Kentucky.

3. At all relevant times, the Stanford Housing Authority was an agency within the purview of 18 U.S.C. 666(a)(1) and (d)(2).

4. Between January 16, 2024, and January 15, 2025, the Stanford Housing Authority received benefits in excess of $10,000 from the United States government under federal programs, grants, subsidies, or other form of Federal assistance, and, as such, was within the purview of 18 U.S.C. 666(b).

## COUNTS 1-13
## 18 U.S.C. § 1343

5. Paragraphs 1 through 4 are realleged and incorporated by reference as if fully set forth herein.

6. From on or about July 1, 2023, and until on or about March 21, 2025, in Lincoln County, in the Eastern District of Kentucky, and elsewhere,

**ASHLEY NICOLE LEAR**

devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses.

### MANNER AND MEANS

The manner and means used to accomplish the scheme included, among others, the following:

7. **LEAR** forged minutes from the Stanford Housing Authority board meeting held on January 16, 2024, to fraudulently document a fictitious board decision to increase **LEAR**'s annual salary and pay **LEAR** monthly and year-end bonuses.

8. **LEAR** transferred money from the Stanford Housing Authority's checking account to a Chime account, in her own name, for unauthorized "bonuses" and in excess of her contracted salary.

9. **LEAR** used the Stanford Housing Authority's credit card for her personal use and then used funds from the Standford Housing Authority's checking account to pay the credit card bills.

10. On or about the dates listed below, in Lincoln County, Kentucky, in the Eastern District of Kentucky, and elsewhere,

## ASHLEY NICOLE LEAR

for the purpose of executing the scheme described above in Paragraphs 5 through 9 of the Indictment, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count, when she:

| Count | Date | Description |
|---|---|---|
| 1 | March 28, 2024 | Transferred, via wire, $2000 from the Stanford Housing Authority checking account to her personal Chime account |
| 2 | March 6, 2024 | Transferred, or caused to be transferred, via wire, $9.53 to Sun Tan City from the Stanford Housing Authority Visa credit card ending in 0364 |
| 3 | April 6, 2024 | Transferred, via wire, $10,000 from the Stanford Housing Authority checking account to Visa to pay for account ending in 0364 |
| 4 | June 18, 2024 | Transferred, via wire, $2000 from the Stanford Housing Authority checking account to her personal Chime account |
| 5 | July 10, 2024 | Transferred, via wire, $3000 from the Stanford Housing Authority checking account to her personal Chime account |
| 6 | July 25, 2024 | Transferred, via wire, $2200 from the Stanford Housing Authority checking account to her personal Chime account |
| 7 | August 15, 2024 | Transferred, via wire, $4200 from the Stanford Housing Authority checking account to her personal Chime account |
| 8 | September 11, 2024 | Transferred, via wire, $4001.65 from the Stanford Housing Authority checking account to her personal Chime account |
| 9 | October 18, 2024 | Transferred, via wire, $1800 from the Stanford Housing Authority checking account to her personal Chime account |
| 10 | November 26, 2024 | Transferred, via wire, $4200 from the Stanford Housing Authority checking account to her personal Chime account |
| 11 | December 18, 2024 | Transferred, via wire, $3200 from the Stanford Housing Authority checking account to her personal Chime account |
| 12 | January 29, 2025 | Transferred, via wire, $3200 from the Stanford Housing Authority checking account to her personal Chime account |

| 13 | February 6, 2025 | Transferred, via wire, $3200 from the Stanford Housing Authority checking account to her personal Chime account |

Each in violation of 18 U.S.C. § 1343.

## COUNT 14
## 18 U.S.C. § 666(a)(1)(A)

11. Paragraphs 1 through 10 are realleged and incorporated by reference as if fully set forth herein.

12. In the one-year period from on or about January 16, 2024, through on or about January 15, 2025, in Lincoln County, in the Eastern District of Kentucky, and elsewhere,

### ASHLEY NICOLE LEAR

being an agent of an organization, said organization receiving more than $10,000 of federal funds in the same twelve month period under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance, knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not to the rightful owner, and intentionally misapplied property valued cumulatively at $5,000 or more and owned by and under the care, custody, and control of the organization, all in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Counts 1 through 13 of the Indictment, **ASHLEY NICOLE LEAR** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to

the violations of 18 U.S.C. § 1343. Any and all interest that **ASHLEY NICOLE LEAR** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

    2.    The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of proceeds that the Defendant obtained as a result of the violations.

    3.    If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1-13:** Not more than 20 years imprisonment, a fine of not more than $250,000 or twice the amount of gross gain or loss, and not more than 3 years supervised release.

**COUNT 14:** Not more than 10 years imprisonment, a fine of not more than $250,000 or twice the amount of gross gain or loss, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.